**Wanda MAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 113–85.**

Court of Criminal Appeals of Texas.

Feb. 4, 1987.

Kim R. Thorne, Grand Prairie, for appellant.

Henry Wade, Dist. Atty. and Anne B. Wetherholt, Asst. Dist. Atty., Dallas, Rob-

ert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

This is a pretrial habeas proceeding in which appellant contends that a pending DWI prosecution must be dismissed because she has been convicted of involuntary manslaughter arising out of the same automobile accident. The trial court denied relief; the Dallas Court of Appeals affirmed. *Ex parte May*, 682 S.W.2d 326 (Tex.App.—Dallas 1984).

The Dallas Court relied alone on declarations in *Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Cr.App.1982), *viz:*

"[W]e will now decide double jeopardy questions under the strict construction of the Constitutions of the United States and of this State. The prohibitions against being twice put in jeopardy for the same offense requires a test for defining the 'same offense.' The Supreme Court of the United States has provided such a test [in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed 306 (1930) ]. The *Blockburger* test is satisfied if each statutory offense requires the proof of a fact that the other does not. At trial there may be substantial overlap in the proof of each offense; however, it is the *separate statutory elements* of each offense which must be examined under this test. *Brown v. Alabama*, 619 F.2d 376 (5th Cir.1980)."

*Id.*, at 824.[1] It found that each offense requires proof of facts the other does not: involuntary manslaughter, intoxication of defendant causing death of an individual; DWI, operating a motor vehicle upon a public road, highway, street or alley. The Dallas Court did not consider either allega-

tions in the respective charging instruments or the extent to which issues already resolved in the involuntary manslaughter trial would be relitigated in the DWI prosecution.

Although *McWilliams* noticed opinions of the Supreme Court after *Blockburger* dealing "with other double jeopardy matters," it considered them "matters not pertinent to the decision in this case."[2] As will be shown, however, they are in this cause.

Since *McWilliams* we have been given to understand that when one act or transaction violates "two distinct statutory provisions," the "*Blockburger* test" is purely a rule of statutory construction, utilized in what is "essentially a factual inquiry as to legislative intent [rather than] a conclusive presumption of law," *Garrett v. United States*, supra, 471 U.S. at 779, 105 S.Ct. at 2411–2412, 85 L.Ed.2d at 771–772; *Whalen v. United States*, supra, 445 U.S. at 708, 100 S.Ct. at 1446 (Rehnquist dissenting); *Rathmell v. State*, 717 S.W.2d 33 (Tex.Cr. App.1986) (Clinton dissenting, n. 6). Whether by *Blockburger* or other means a court has determined that the legislative body intended punishment for both offenses, it then must decide whether successive prosecutions are barred by the Double Jeopardy Clause, and in order "to properly analyze that issue, we must examine not only the statute ..., but also the charges which form the basis of the Government's prosecution here." *Garrett v. United States*, supra, 471 U.S. at 786, 105 S.Ct. at 2415–2416, 85 L.Ed.2d at 776; see also *Whalen v. United States*, supra, 445 U.S. at 709–710, 100 S.Ct. at 1447 (Rehnquist dissenting).

*Blockburger* being but a rule of statutory construction, the "other double jeopardy matters" alluded to in *McWilliams* —"additional protection offered by *Ashe*

---

1. Emphasis is in original opinion; elsewhere all emphasis is by the writer of this opinion unless otherwise indicated.

2. Cited were *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53

L.Ed.2d 1054 (1977); *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). To that list may now be added, e.g., *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985).

and *Nielsen"*—may become very pertinent in a given case. *Illinois v. Vitale,* supra, 447 U.S. at 420, 100 S.Ct. at 2267; see, e.g., *Ex parte Rogers,* 632 S.W.2d 748 (Tex.Cr. App.1982); *Ex parte McWilliams,* supra, at 836 (Clinton dissenting).

In the Fifth Circuit current understanding of that other applicable aspect of jeopardy law is stated succinctly in *Davis v. Herring,* 800 F.2d 513 (CA5 1986), *viz:*

> "Successive prosecutions [as distinguished from multiple punishments at a single trial] will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first."

*Id.,* at 518.

That is, of course, a paraphrase of note 6 in *Brown v. Ohio,* 432 U.S. 161, 166–167, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977), part of which in turn is derived from the "common incidents" doctrine of *In re Nielsen,* 131 U.S. 176, 188, 9 S.Ct. 672, 676, 33 L.Ed. 118 (1889), *viz:*

> "[W]here ... a person has been tried and convicted for a crime which has various incidents in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense."

*Id.,* at 188, 9 S.Ct. at 676. See, e.g., *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed. 1054 (1977) (conviction for felony murder bars conviction for underlying felony robbery).

Illustrative of application of *Blockburger* and *Nielsen,* respectively, to bar a second prosecution is *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), in deciding whether the Double Jeopardy Clause prohibits the State of Illinois "from prosecuting for involuntary manslaughter the driver of an automobile involved in a fatal accident, who previously had been convicted for failing to reduce speed to avoid the collision." After restating triple guarantees of the Double Jeopardy Clause, revisiting *Blockburger* and finding governing Illinois law unclear ("The point is that *if* manslaughter by automobile does not *always* entail proof of a failure to slow, then the two offenses are not the 'same' under the *Blockburger* test."), in part IV the Supreme Court discussed the possibilities presented, *viz:*

> "If, as a matter of Illinois law, a careless failure to slow is *always* a necessary element of manslaughter by automobile, then the two offenses *are* the 'same' under *Blockburger* and Vitale's trial on the latter charge would constitute double jeopardy under *Brown v. Ohio.* [note omitted]. *In any event,* it may be that to sustain its manslaughter case the State *may* find it necessary *to prove* a failure to slow or *to rely on conduct necessarily involving such failure;* it may concede as much prior to trial. *In that case,* because Vitale has already been convicted for conduct that is a necessary element of the more serious crime for which he has been charged, his claim of double jeopardy would be substantial under *Brown* and our latter decision in *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977)."

*Id.,* 447 U.S. at 420–421, 100 S.Ct. at 2267.[3] Accordingly, the Supreme Court concluded:

---

**3.** Its explanation of *Harris v. Oklahoma,* supra, is as follows:

> "In *Harris,* we held, without dissent, that a defendant's conviction for felony murder based on a killing in the course of an armed robbery barred a subsequent prosecution against the same defendant for the robbery. The Oklahoma felony-murder statute on its face did not require proof of a robbery to establish felony murder; other felonies could underlie a felony-murder prosecution. [note omitted]. But for purposes of the Double Jeopardy Clause, we did not consider the crime generally described as felony murder as a separate offense distinct from its various elements. Rather, we treated a killing in the course of a robbery as itself a separate statutory offense, and the robbery as a species of lesser-included offense. The State conceded that the robbery for which petitioner had been indicted was in fact the underlying felony, all elements of which had been proved in the murder prosecution. We held the subsequent robbery prosecution barred under the Double Jeopardy Clause, since under *In re Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), a person who has been convicted of crime having several elements included in it may not subsequently be tried for a lesser-included offense—an offense consisting solely of one or more of the elements of the crime for which he has already been convicted. Un-

"By analogy, if in the pending manslaughter prosecution Illinois relies on and proves *a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter*, Vitale would have a substantial claim of double jeopardy under the Fifth and Fourteenth Amendments of the United States Constitution."

*Id.*, at 421, 100 S.Ct. at 2267.[4]

From all that it is clear an accused may acknowledge that involuntary manslaughter proscribed in V.T.C.A. Penal Code, Sec. 19.05(a) and driving while intoxicated denounced by Article 6701*l*–1, as amended by Acts 1979, 66th Leg., Ch. 1071, p. 1608, prescribe an element of offense that the other does not—yet after conviction of the former still insist that jeopardy principles of *Nielsen* and followings preclude prosecution of the latter.

Turning to the instant cause, we first note that both offenses are alleged to have been committed June 12, 1983. The indictment for involuntary manslaughter alleged in part that in Dallas County appellant did:

"then and there by accident and mistake *when operating a motor vehicle while intoxicated, and by reason of such intoxication,* cause the death of [a named individual], by then and there driving her automobile *across a center median* and colliding with a vehicle occupied by [named individual], and thereby cause the death of said individual."

The information for DWI alleged in pertinent part that appellant:

"was *intoxicated, and under the influence of intoxicating liquor, and while so intoxicated and under the influence of intoxicating liquor,* did then and there unlawfully drive and operate a motor vehicle upon a *public street and highway*, in Dallas County, Texas."

Facially allegations of the greater offense of involuntary manslaughter required proof of the lesser offense, i.e., that appellant operated her motor vehicle upon a public roadway while intoxicated and collided with another vehicle after driving across a center median.[5] The record clearly shows that the State will rely on and seek to prove in the DWI case the same act of driving while intoxicated on public roadway as "the reckless act necessary to prove [involuntary] manslaughter." *Vitale*, supra, at 421, 100 S.Ct. at 2267.[6]

Thus the record, including charging instruments, judgment of conviction for involuntary manslaughter and habeas testimony, demonstrates that appellant has been convicted of a crime having several elements included it and is now facing a trial for a lesser offense consisting solely

---

der *Brown*, the reverse is also true; a conviction on a lesser-included offense bars subsequent trial on the greater offense."

*Id.*, at 420–421, 100 S.Ct. at 2267.

**4.** However, since it harbored doubts about the relationship between the two offenses and did not know what reckless act or acts the State would rely on to prove manslaughter, the Supreme Court vacated the judgment below and remanded the cause for further proceedings "not inconsistent with this opinion."

**5.** Section 62, Article 6701d, V.A.C.S., provides that where a highway has been divided into two or more roadways "by leaving an intervening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic," vehicles shall be driven "only upon the righthand roadway" unless otherwise directed or permitted. A "median strip" is a paved or planted strip dividing a highway into lanes according to direction of travel, Webster's New Collegiate Dictionary, commonly called a "median."

**6.** At the habeas hearing the assistant district attorney who prosecuted the involuntary manslaughter case testified:

"[T]he defendant was intoxicated. There was a very high breath test involved, and she drove her vehicle across a center median into the oncoming traffic, and collided head-on into a vehicle that was being occupied by the deceased in my involuntary manslaughter case."

The assistant district attorney in charge of prosecuting the DWI case testified:

"Q. Are the facts of the DWI case that Mrs. May was alleged to have been driving while intoxicated on Jefferson Boulevard in Grand Prairie crossed over the medium [sic] and had a head-on collision with an oncoming vehicle, in which Mr. Coffey was the driver.?
A. That's my understanding of the facts, yes.
Q. And at the time she was intoxicated?
A. That's correct.
Q. Do you know of any different facts at all that relate to the file in the felony involuntary manslaughter case?
A. I'm not aware of any additional facts."

of one or more of the elements of the crime for which she has already been convicted. In this Court the State practically concedes the point by relying on the fact that the judgment in *State v. Padilla*, 101 N.M. 58, 678 P.2d 686, 101 N.M. 82, 678 P.2d 710 (1984), was affirmed by an equally divided Supreme Court, *Fugate v. New Mexico*, 470 U.S. 904, 105 S.Ct. 1858, 84 L.Ed.2d 777 *reh. den.* 471 U.S. 1112, 105 S.Ct. 2349, 85 L.Ed.2d 865 (1985).[7]

The Court will adhere to *McWilliams* in so far as it abandoned the carving doctrine, but to say that it correctly adopted *Blockburger* as the sole test for determining jeopardy where an act or transaction violates two separate and distinct statutes is to ignore a whole body of jeopardy law to the contrary. Years ago the Court thought "the law so well settled that we do not regard it necessary to discuss authorities,"

and took one page to reverse a conviction for DWI in a substantially similar situation. *Paxton v. State*, 151 Tex.Cr.R. 324, 207 S.W.2d 876 (1948).

Applicant is entitled to the relief prayed for. The judgment of the Dallas Court of Appeals is reversed. The relief is granted. The information charging her with driving while intoxicated in Cause No. MA83–527741–B is ordered dismissed.

---

**7.** The contention is that when an accused is convicted of lesser offense in an inferior court that is without jurisdiction of a greater offense, jeopardy does not bar prosecution of the greater offense in a higher court that has jurisdiction. See *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 251, 56 L.Ed. 500 (1912). Whatever vitality that view once had, the notion is contrary to resolution of similar contention in *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970) (two courts within a state cannot try accused for same crime); see also *Robinson v. Hill*, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973) (*Waller v. Florida*, supra, given full retroactive effect).

Moreover, regardless of how New Mexico may address the problem, that the Supreme Court affirmed its judgment by an equally divided Court is without any precedential value.