**Marsha PLUNK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–86–0262–CR.**

Court of Appeals of Texas,
Tyler.

April 30, 1987.

Craig D. Caldwell, Rusk, for appellant.

Charles R. Holcomb, Dist. Atty., Rusk, for appellee.

BILL BASS, Justice.

This is an appeal from a denial of an application for writ of habeas corpus. We affirm.

Plunk was indicted on March 26, 1985, for the offense of theft. The indictment alleged as follows:

Defendant, on or about the 7th day of February A.D. 1985, ... in the County and State aforesaid, did then and there intentionally, appropriate, by acquiring and otherwise exercising control over, property, to-wit: United States Currency, of the value of at least $20,000.00, from the owner, Linda Beard, Tax-Assessor Collector, who had a greater right to possession, without the ... effective consent of the owner and with intent to deprive the owner of the property....

On May 13, 1986, Plunk went to trial and the jury returned a verdict of not guilty. On May 22 Plunk was indicted for the offense of Tampering with Governmental Record. The indictment reads in pertinent part:

Defendant, on or about the 13th day of January A.D. 1985, ... did ... intentionally, with intent to defraud and harm the State of Texas, Department of Highways and Public Transportation Motor Vehicle Division, (hereinafter styled Motor Vehicle Division), knowingly make or present with knowledge of its falsity, a deposit to the Allied Texas Bank of Jacksonville, Texas, account # 1031309 dated January 11, 1985, a governmental record, kept by the Tax Assessor and Collector of Cherokee County, Texas for information purposes, which was intended to reflect, among other things, the checks received by the said Tax Assessor and Collector at the Jacksonville, Texas office for the week prior to January 11, 1985, when in truth and fact, checks were deposited and reflected on said deposit which were received subsequent to January 11, 1985, and such was not then and there accomplished pursuant to a legal authorization for the destruction of said governmental record....

Plunk entered a special plea of former jeopardy and later filed an application for writ of habeas corpus, asking that the indictment be dismissed on grounds of double jeopardy and collateral estoppel. The application was denied on October 28, 1986.

The initial test applied in the resolution of double jeopardy questions is customarily that set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182. Although the *Blockburger* test originated as a rule of construction to determine whether two offenses arising out of the same transaction might be separately punished, it has also

been adopted as one of the standards for deciding the constitutionality of successive prosecutions. *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). A proper analysis of the issue demands an examination, not only of the statutes, "but also the respective charging instruments." *See Garrett v. United States,* 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); *May v. State,* 726 S.W.2d 573 (Tex.Cr.App.1987).

The theft offense for which Plunk was previously tried and acquitted is defined as follows:

### THEFT

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent;

Tex. Penal Code Ann. § 31.03 (Vernon Supp.1987), *as amended through* Act of June 19, 1983, ch. 741, § 1, 1983 Tex.Gen. Laws 4523, 4523–25.[1]

The offense with which Plunk is presently charged is defined as follows:

### TAMPERING WITH GOVERNMENTAL RECORD

(a) A person commits an offense if he:

. . . .

(2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record;

. . . .

Tex. Penal Code Ann. § 37.10 (Vernon 1974) reads as follows:

§ 37.10. Tampering with Governmental Record

(a) A person commits an offense if he:

(1) knowingly makes a false entry in, or false alteration of, a governmental record;

(2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record; or

(3) intentionally destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record.

(b) It is an exception to the application of Subsection (a)(3) of this section that the governmental record is destroyed pursuant to legal authorization.

(c) An offense under this section is a Class A misdemeanor unless the actor's intent is to defraud or harm another, in which event the offense is a felony of the third degree.

■ First it is far from evident that the two offenses with which we are concerned actually arise out of the same transaction. However, assuming they do, it is apparent from a comparison of the two statutes that they have entirely different elements requiring substantially different proof. Neither do the allegations in the two indictments disclose common elements or incidents compelling proof of the same facts. Clearly Plunk's plea finds no support in *Blockburger.*

The defendant also argues that the doctrine of collateral estoppel embodied in the double jeopardy clause bars the State from relitigating the same factual issues already resolved against it by her acquittal in the theft case in the subsequent prosecution for tampering with a government record. *Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970). *Ashe* described collateral estoppel to mean "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443, 90 S.Ct. at 1194. "*Ashe* mandates two inquiries.

---

1. The quoted provisions are from the statute prior to the 1985 amendments. *See* Act of June 14, 1985, ch. 599, § 1, 1985 Tex.Gen.Laws 2244, 2244–46 (effective Sept. 1, 1985); Act of June 15, 1985, ch. 901, § 1, 1985 Tex.Gen.Laws 3026, 3026–27 (effective Sept. 1, 1985).

First, what facts were necessarily determined in the first suit? Second, has the government, in a subsequent trial, tried to relitigate facts necessarily established against it in the first trial. Facts so established in the first trial may not be used in the second trial either as ultimate or evidentiary facts." (Citations omitted.) *Dedrick v. State*, 623 S.W.2d 332, 336 (Tex.Cr. App.1981). "Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court 'to examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" *Ashe*, 397 U.S. at 444, 90 S.Ct. at 1194.

"It is the defendant's duty to establish his plea of former jeopardy under the collateral estoppel rule." *Shaffer v. State*, 477 S.W.2d 873 (Tex.Civ.App.1971). Plunk strenuously argues the principle of collateral estoppel and correctly presents the applicable rules, but she has not provided this court with the statement of facts from the theft trial. The only relevant material from that proceeding that is before this court is the indictment and jury charge in general verdict form. Plunk contends that "the issue of whether she took money from the Tax Assessor and Collector was decided in the first prosecution," and that the State, in charging her with "intent to defraud" in the indictment for tampering with a government record, is attempting to relitigate that issue.

■ The record before us will not support that conclusion. The two offenses are alleged to have occurred almost a month apart. In the theft case, the appellant was accused of appropriating $20,000 from Linda Beard, the Tax Assessor Collector. In the second case, she is charged with tampering with a deposit to the Allied Bank of Jacksonville, a governmental record kept by the Tax Assessor, with intent to defraud the State of Texas, Department of Highways and Public Transportation. It does not appear that a redetermination of the fact finding underlying Plunk's acquittal, Plunk's innocence of the February 7, 1985, theft, will be essential to a successful prosecution for tampering with a government record on January 13, 1985. If the subsequent trial will entail the relitigation of ultimate or evidentiary facts already decided in the theft case, it is not apparent from this record. We conclude that Plunk's former acquittal in the theft case does not bar her prosecution for tampering with a governmental record. The point is overruled.

The order is affirmed.