Robert HERRERA, Appellant,

v.

The STATE of Texas, State.

No. 2–87–072–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 18, 1988.

Rehearing Denied Sept. 15, 1988.

Charlotte Harris, Wichita Falls, for appellant.

Barry L. Macha, Criminal Dist. Atty., and C. Diane Hoegger, Asst. (Appeal) and John W. Brasher, Asst. (Motion for Rehearing), Wichita Falls, for State.

Before HILL, FARRIS and KELTNER, JJ.

OPINION ON MOTION FOR
REHEARING

KELTNER, Justice.

The State has filed a motion for rehearing in this cause. It is the opinion of the Court that the motion is granted and we hereby withdraw our opinion and judgment of May 12, 1988 and substitute this opinion and judgment.

This is an appeal, on double jeopardy grounds, from a conviction for burglary of a habitation with intent to commit sexual assault, *see* TEX. PENAL CODE ANN. sec. 30.02 (Vernon 1974), subsequent to appellant's conviction for the same sexual assault, which was committed in the course of the burglary.

We reverse and order dismissal.

At the trial of the first case, the sexual assault case, the first witness for the State was appellant's accomplice who testified in detail as to his participation in planning and carrying out the nighttime burglary of the complainant's residence for the express purpose of sexually assaulting her. He testified that, after he and appellant had entered the house, he "chickened out" and fled. After complainant's testimony regarding the assault and evidence gathered by police showing a burglarious entry, appellant testified and judicially confessed to the burglary and sexual assault, seeking only to secure a verdict without the aggravating factor. His application for probation was denied with the jury assessing a ten-year term of imprisonment.

Several months later when the State sought to try the burglary case, appellant requested habeas corpus relief upon his claim that a second trial would necessarily require relitigation of factual issues already resolved in the first trial and thus violate the double jeopardy doctrine. His request was denied. He then filed a motion to dismiss the burglary indictment and, upon being put to trial, he entered a special plea under TEX. CODE CRIM.PROC.ANN. art. 27.05 (Vernon 1966) alleging:

1. He had already been prosecuted and convicted for a different offense arising out of the same criminal episode, proof of which is necessary to show the intent alleged in the instant indictment.
2. He had already been prosecuted and convicted for the same offense.
3. He had already been punished in Cause No. 23,626–B for a different offense arising out of the same criminal episode, proof of which is necessary to show intent alleged in the instant indictment.
4. He had already been punished for the same offense.

The State's initial evidence presented in the second trial, the burglary trial, consisted of excerpts from appellant's testimony at the first trial in which he made it plain that he intended to have sex with the complainant when he disguised himself and broke through the bathroom window. That evidence in the burglary trial went further, to include appellant putting on a pair of surgical gloves, picking up an iron, going into the bedroom where the complainant slept, jumping on the bed when she screamed, muffling her, removing her nightgown and underpants, overcoming her struggling, and having intercourse with her. The complainant also described her struggle, appellant's hitting her, tearing off her clothes, and sexually assaulting her. Appellant's accomplice also testified as to the events leading up to the unlawful entry of the habitation including appellant's stated purpose of raping the complainant.

The double jeopardy clause of the fifth amendment to the U.S. Constitution is applicable to the states through the due process clause of the fourteenth amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Its application in Texas has been construed in the following language:

The constitutional prohibition of double jeopardy has been held to consist of three separate guarantees: (1) "it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punish-

ments for the same offense." *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

*Ex parte Peterson*, 738 S.W.2d 688, 689 (Tex.Crim.App.1987). Because appellant contends that his former conviction for aggravated sexual assault barred his subsequent trial and conviction for burglary of a habitation with intent to commit sexual assault, our focus in the instant case is upon the second and third of the three guarantees discussed in *Vitale*.

The paramount issue becomes whether, in this case, the State relied upon the same proof of the rape in the assault case to prove intent to commit sexual assault in the burglary case.

The starting point for our inquiry is *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). There it was said:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.*, 284 U.S. at 304, 52 S.Ct. at 182.

It was later held that:

> The *Blockburger* test is not the only standard for determining whether successive prosecutions impermissively involve the same offense.
>
> . . . .
>
> [S]uccessive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first.

*Brown v. Ohio*, 432 U.S. 161, 166–67 n. 6, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187, 195 n. 6 (1977).

Our Court of Criminal Appeals recently considered *Blockburger* and *Brown* in a case where it held prosecution for DWI could not proceed after a conviction for involuntary manslaughter arising out of the same auto accident. *See May v. State*, 726 S.W.2d 573, 574 (Tex.Crim.App.1987). In *May*, the court also considered the holdings of *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) and *In re Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889) as explained by the Supreme Court in *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980) as follows:

> The State conceded that the robbery for which petitioner had been indicted was in fact the underlying felony, all elements of which had been proved in the murder prosecution. We held the subsequent robbery prosecution barred under the Double Jeopardy Clause, since under *In re Nielsen*, 131 U.S. 176, [9 S.Ct. 672, 33 L.Ed. 118] (1889), a person who has been convicted of a crime having several elements included in it may not subsequently be tried for a lesser-included offense—an offense consisting solely of one or more of the elements of the crime for which he has already been convicted. Under *Brown*, the reverse is also true; a conviction on a lesser-included offense bars subsequent trial on the greater offense.

*Id.*, 447 U.S. at 420–21, 100 S.Ct. at 2267. The *May* court then concluded that the record demonstrated appellant had been convicted of a crime having several elements included in it (involuntary manslaughter) and was "facing a trial for a lesser offense consisting solely of one or more of the elements of the crime for which she has already been convicted" (DWI), and ordered the DWI information dismissed. *May*, 726 S.W.2d at 576–77.

A situation inverse to that in *May* was presented in *Ex parte Peterson*, 738 S.W. 2d 688, where the accused had been convicted of DWI, after which he was charged with involuntary manslaughter. There, the court of criminal appeals, in ordering the involuntary manslaughter indictment dismissed, wrote as follows:

> Therefore, the record before us demonstrates that appellant has been convicted of DWI, a lesser offense of involuntary manslaughter in this instance, both re-

quiring proof of applicant's driving while intoxicated on a public road. Given the record before us, it is clear that the State intends to relitigate the issue of driving while intoxicated. This it cannot do. *May v. State*, supra. It is clear from the record that the State, at least under the present indictment, will find it necessary to prove that appellant was driving in an intoxicated condition or to rely on conduct necessarily involving that conviction. Because appellant has already been convicted for conduct that is here shown to be a necessary element of the more serious crime for which he has been charged, his claim of double jeopardy is substantial under *Vitale* and *Brown*, supra. See alse (sic) *Harris* [v. Oklahoma], 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977).

*Id.* at 691.

In the case before us the State argues the rule in *May* and *Peterson* are not applicable because, to prove its burglary case it was not necessary to prove the completion of the act of sexual assault but only an *intent* to commit sexual assault.

The State's contention might have merit had the State's proof in the first prosecution been limited to the actual sexual assault without details of the burglary, and had the facts offered by the State in the second prosecution been limited to those showing appellant's intent at the time of entering the habitation. However, the State went further. The State proved the break-in in the sexual assault case and also proved the sexual assault in the burglary case. Therefore, the State presented facts sufficient to prove both burglary and sexual assault in both prosecutions.

It is necessary to bear in mind that we are not called upon to determine if the double jeopardy concept necessarily prohibited appellant's second trial. The precise question before us is whether the State's presentation of evidence in the second trial, which was almost identical to the evidence presented in the first trial, constituted a violation of the double jeopardy concept. We hold that it did.

As a result, the judgment of the trial court is reversed and the indictment in cause number 23,627–B is ordered dismissed.