The STATE of Texas, Appellant,

v.

Raphel Eugene FRENCH, Appellee.

No. 3–88–121–CR.

Court of Appeals of Texas,
Austin.

April 19, 1989.

Gary Garrison, County Atty., Odessa, for appellant.

John W. Cliff, Jr., Odessa, for appellee.

Before POWERS, GAMMAGE and JONES, JJ.

PER CURIAM.

The State appeals from an order of the trial court granting appellee's special plea of former jeopardy. Tex.Code Cr.P.Ann. art. 44.01(a)(4) (Supp.1989). The question presented is whether a pending prosecution of appellee for driving while intoxicated, 1983 Tex.Gen. Laws, ch. 303. § 3 [Tex. Rev.Civ.Stat. art. 6701*l*–1, since amended], is barred by his prior acquittal in a prosecution for criminally negligent homicide, Tex. Pen.Code Ann. § 19.07 (1989). The cause is pending in Tom Green County on a change of venue from Ector County.

On December 21, 1984, at a street intersection in Odessa, an automobile driven by appellee collided with an automobile driven by Amy Gomez. Gomez died as a result of injuries suffered in this accident. Subsequently, an information accusing appellee of criminally negligent homicide was filed in which it was alleged that

in said County [of Ector] ... on or about the 21st day of December, A.D., 1984 ... RAPHEL EUGENE FRENCH, did then and there operate a motor vehicle and cause his vehicle to collide with a vehicle occupied by Amy E. Gomes [sic], hereafter styled the Complainant, by criminal negligence causing the death of the Complainant, by failing to exercise due care by exceeding the posted speed limit and by Driving While Under the Influence of Alcohol.

The statement of facts and a partial transcript from the negligent homicide cause, which was tried in Midland County on a change of venue, is part of the record before this Court. The jury heard evidence that appellee was driving approximately 40 miles per hour in a 30 miles per hour zone. Appellee admitted drinking two beers and part of a third on the afternoon in question, and a blood test revealed an alcohol concentration of .12. There was also testimony that visibility at the intersection was hindered by a fence, and that Gomez had run a stop sign when she entered the intersection. The jury was charged, in relevant part, as follows:

A person is deemed to be under the influence of intoxicating liquor withing [sic] the meaning of the law when such person does not have the normal use of his physical or mental faculties by reason of the voluntary introduction of alcohol into his body.

.     .     .     .     .

Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about the 21st day of December, 1984, in Ector County, Texas, the defendant, RAPHEL EUGENE FRENCH, did, then and there operate a motor vehicle and cause his vehicle to collide with a vehicle occupied by AMY E. GOMEZ, hereafter styled the Complainant, by criminal negligence causing the death of the Complainant, by failing to exercise due care by exceeding the posted speed limit and by driving while under the influence of alcohol, then you will find the defendant guilty of criminally negligent homicide.

.     .     .     .     .

You are further instructed that even though you believe from the evidence beyond a reasonable doubt that RAPHEL EUGENE FRENCH on December 21, 1984, in Ector County, Texas did then and there operate a motor vehicle and did fail to exercise due care by exceeding the posted speed limit and driving while under the influence of alcohol and while so driving and operating said vehicle at such time and place he did through accident and mistake cause the death of AMY E. GOMEZ you can not convict the defendant unless you further find from the evidence beyond a reasonable doubt that such intoxication and excessive speed if any caused the collision and death of AMY E. GOMEZ. Unless you so find beyond a reasonable doubt you say by your verdict "not guilty."

The jury returned a verdict of not guilty.[1]

■ The constitutions of the United States and of this State provide that no person may "be twice put in jeopardy" "for the same offense." U.S. Const. amend. V; Tex. Const. Ann. art. I, § 14 (1984). This constitutional guarantee protects against a second prosecution for the same offense after a prior acquittal or conviction (the issue presented here), and also protects against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980).

■ While the proscription against double jeopardy is easy to express, it has proved exceedingly difficult to apply. In particular, courts have had difficulty determining the meaning of the words "same offense," "a phrase deceptively simple in appearance but virtually kaleidoscopic in application." *Whalen v. United States*, 445 U.S. 684, 700, 100 S.Ct. 1432, 1442, 63 L.Ed.2d 715 (1980) (Rehnquist, J., dissenting). One principle, however, appears well-established: where the same criminal conduct violates two different penal statutes, and where one of the offenses so committed is a lesser included offense of the other, successive prosecutions for both offenses constitute double jeopardy. *Illinois v. Vitale, supra; Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Ex parte Peterson*, 738 S.W.2d 688 (Tex.Cr.App. 1987); *May v. State*, 726 S.W.2d 573 (Tex. Cr.App.1987); *Davis v. Herring*, 800 F.2d 513, 518 (5th Cir.1986). *See also Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977).

*May* and *Peterson* are factually and legally analogous to this cause. In both cases, the defendant was involved in an automobile accident in which another person was killed. In *May*, the defendant was tried and convicted of involuntary manslaughter pursuant to an indictment which alleged that she had operated a motor vehicle while intoxicated and, by reason of such intoxication, had caused the death of an individual by accident or mistake. Tex. Pen.Code Ann. § 19.05(a)(2) (1989). When the State then sought to prosecute her for driving while intoxicated, the defendant raised a double jeopardy claim in a pretrial habeas corpus proceeding. The trial court denied relief and the court of appeals affirmed. The Court of Criminal Appeals reversed, holding that under the facts of the case, a prosecution for driving while intoxicated would impermissibly place the defendant in jeopardy for the same offense for which she had previously been convicted.

> Facially allegations of the greater offense of involuntary manslaughter required proof of the lesser offense, i.e., that appellant operated her motor vehicle upon a public roadway while intoxicated and collided with another vehicle after driving across a center median. The record clearly shows that the State will rely on and seek to prove in the DWI case the same act of driving while intoxicated on public roadway as "the reckless act necessary to prove [involuntary] manslaughter." *Vitale, supra*, 447 U.S. at 421, 100 S.Ct. at 2267.
>
> Thus the record, including charging instruments, judgment of conviction for involuntary manslaughter and habeas testimony, demonstrates that appellant has been convicted of a crime having several elements included it and is now facing a trial for a lesser offense consisting solely of one or more of the elements of the crime for which she has already been convicted.

726 S.W.2d at 576, 577 (footnotes omitted).

*Peterson* was the mirror image of *May*: the State sought to try the defendant for involuntary manslaughter after he had been tried and convicted of driving while

---

**1.** Under the court's charge, appellee's acquittal did not necessarily constitute a finding that he was not driving while intoxicated. Therefore, this cause does not implicate the doctrine of collateral estoppel enunciated in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

intoxicated. Again, the court held that this would violate the guarantee against double jeopardy.

> Comparison of the two charging instruments, the judgment of conviction for DWI and the various arguments raised by the parties demonstrates that the allegations in the information required proof of a factual incident—driving upon a public roadway while intoxicated—that is also alleged in the § 19.05, supra indictment. That indictment clearly shows that the State will rely on and seek to prove in the involuntary manslaughter case the same "reckless act" of driving while intoxicated that was necessary to prove the lesser DWI charge.
>
> Therefore, the record before us demonstrates that appellant has been convicted of DWI, a lesser offense of involuntary manslaughter in this instance, both requiring proof of applicant's driving while intoxicated on a public road. Given the record before us, it is clear that the State intends to relitigate the issue of driving while intoxicated. This it cannot do.

738 S.W.2d at 691.

The information pending against appellee alleges that

> on or about the 21st day of December, 1984 ... in the County of Ector and the State of Texas, RAPHEL EUGENE FRENCH, did then and there unlawfully: while intoxicated, to wit: by reason of the introduction into the Defendant's body of alcohol, the Defendant did drive and operate a motor vehicle upon a public highway.

Clearly, the State will rely on and seek to prove in this cause the same act of driving while intoxicated on a public roadway that it relied on in the negligent homicide prosecution.

The State argues that the two offenses at issue in this cause are not the same for jeopardy purposes because the statutes defining the offenses of negligent homicide and driving while intoxicated each require proof of a fact which the other does not, citing *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). This argument ignores the holdings in *May*

and *Peterson,* among other cases, that the *"Blockburger* test" is not always determinative of whether successive prosecutions constitute double jeopardy.

The State further argues that it did not seek to prove that appellee was driving while intoxicated in the previous prosecution for negligent homicide, but only that he had been driving under the influence of alcohol, and therefore it is not seeking to relitigate the same factual issue. Assuming there is a meaningful distinction between "intoxicated" and "under the influence of alcohol" as an abstract proposition, the State may not rely on this distinction in this cause. The court's charge to the jury at the negligent homicide trial defined "under the influence of intoxicating liquor" in terms substantially identical to the definition of "intoxicated" found in art. 6701*l*–1(a)(2)(A). Under this charge, the jury was authorized to convict appellee of criminally negligent homicide only if it found that he had been driving while intoxicated at the time and place in question.

The record before this Court demonstrates that appellee is now facing trial for a lesser offense, driving while intoxicated, consisting solely of one or more of the elements of the greater offense, criminally negligent homicide, for which he has already been tried and acquitted. Therefore, trial on the driving while intoxicated information would unconstitutionally place appellee in jeopardy a second time for the same offense.

The order of the trial court sustaining the special plea of former jeopardy is affirmed.