# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00112-CR
## NO. 03-05-00113-CR

**Garfield David Hall, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NOS. 3031773 & 3031774, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Garfield David Hall guilty of sexual assault and burglary of a habitation with commission of sexual assault. *See* Tex. Pen. Code Ann. § 21.011 (West Supp. 2005), § 30.02 (West 2003). After finding that appellant had committed previous offenses, the court assessed concurrent fifty-year prison terms as punishment for the new convictions. Appellant contends that the evidence was legally and factually insufficient to support the convictions, that the convictions for both offenses violate constitutional protections against double jeopardy, and that the assistance of his counsel was constitutionally ineffective. We affirm the conviction.

B.T., the victim, moved with her fiancé to Austin on July 12, 2003. She testified that, when moving in, she inspected the window locks to make sure they were functioning and noted that

the windows had screens in place. She testified that she did not open or unlock the windows thereafter. She said she noticed nothing awry when she cleaned the windows on August 24, 2003.

B.T. said she locked the front door and fell asleep around 1 a.m. on August 25, 2003. She was awakened later that night by a man calling her name softly. She testified that she called out her fiancé's name, but the man responded that her fiancé was not present. B.T. testified that she told the man to leave and started to get out of bed. The man pushed her back onto the bed and went to turn off a light from the microwave oven in the kitchen. The man returned and told her that if she did not scream he would not hurt her. The man began performing oral sex on B.T. She testified that she asked him to stop. The man then forced B.T. to engage in sexual intercourse despite her protests. After a couple of minutes, the man withdrew and wiped her off with a towel. He then allowed her to use the restroom. B.T. called the police and the man left.

When police arrived, they found the front door unlocked. B.T. was on the floor of her bedroom, crying hysterically. The sliding glass door to the patio was slightly ajar, but B.T. said she opened it to permit a quick escape in case the attacker returned. Police discovered that window screens had been removed from two windows, and that one had been thrown onto some nearby foliage. Panes in the living room window were broken in a way that allowed access to the window locks. Some officers noted broken glass on the ground, while others did not recall whether they saw any broken glass. An officer found a screwdriver outside the apartment. Police dusted for fingerprints on various locations. They found prints on the window screen, but not on the microwave or the screwdriver. They did not initially take the fitted sheet with them to test for DNA evidence,

2

but, after B.T. later that day told them her assailant might have ejaculated on the fitted sheet, they took that as well.

B.T. testified that she did not know anyone named Garfield Hall, did not recognize him in the courtroom, and did not consent to have sex with him. She testified that she did not consent to have sex with the man at counsel table—appellant—and did not ever agree to let him into her house. A fingerprint examiner for the Austin Police Department matched the prints found on the window screen to appellant's prints from a database. A forensic scientist matched DNA from a semen stain on B.T.'s sheet to a sample taken from an oral swab taken from appellant.[1] At the close of evidence, the court overruled appellant's motion for directed verdict. The jury then returned guilty verdicts on both the burglary and the sexual assault claim.

Appellant raises several challenges to the verdict. Most focus on the sufficiency of the evidence. He contends that the trial court erred by overruling his motion for directed verdict that was based on the legal insufficiency of the evidence to support the sexual assault charge. He contends that the evidence is legally and factually insufficient to support either conviction. He also contends that the conviction for both offenses violates the state and federal double jeopardy protections against multiple punishments for a single act. In addition to the brief filed by counsel,

---

[1] Appellant asserts that the swab was flawed because it was not taken by a licensed technician not affiliated with the case. However, he does not cite any authority requiring the State to use a licensed technician not affiliated with the case during the investigation of a crime.

appellant also filed a pro se brief that contends that his trial and appellate counsel were ineffective. He contends that his trial counsel was ineffective for failing to present a case and that his appellate counsel was ineffective for failing to challenge the chain of custody of the oral swab for the DNA test. He also points out what he contends are inconsistencies within and between the testimonies of various witnesses.

The standards for the evidentiary sufficiency challenges are well established. In a legal sufficiency challenge, we view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). We treat a complaint of a denial of a motion for directed verdict as a challenge to the legal sufficiency of the evidence to support a conviction. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). In a factual sufficiency challenge, we view the evidence in a neutral light and determine whether the fact-finder was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is factually insufficient when the evidence supporting the verdict, considered alone, is too weak to support the finding of guilt beyond a reasonable doubt, or the evidence contrary to the verdict is so strong that the standard of beyond a reasonable doubt could not have been met. *Id*. at 484-85.

We first examine the evidence supporting the sexual assault conviction. Two modes of sexual assault are relevant in this case. A person commits a sexual assault by intentionally or knowingly either causing the penetration of the anus or sexual organ of another person by any means

4

without that person's consent or by causing the sexual organ of another person, without that person's consent, to contact the mouth of another person, including the actor. Tex. Pen. Code Ann. § 22.011(a)(1)(A), (C) (West Supp. 2005).

Appellant notes that no eyewitness testimony places him in appellant's apartment on the night of the assault. The victim could not identify him in court. His fingerprints were not found inside the house (even on the microwave, which the intruder touched). He contends that no other evidence shows that he was in the apartment on the night of the attack. He asserts that B.T.'s initial failure to identify the fitted sheet as a possible repository of DNA evidence is proof that he did not assault her. He asserts that the State's evidence shows at most that he had sex on that sheet at some point, but does not show that he forced B.T. to have sex with him on August 25, 2003. He also notes that the sheets contained other semen stains, but that neither proves nor disproves anything with respect to whether he had nonconsensual sex with B.T.

The evidence is legally and factually sufficient to support the conviction for sexual assault. B.T. testified that a man caused the penetration of her sexual organ without her consent. A rational trier of fact could have found that appellant's fingerprints on a removed screen, the broken window, and B.T.'s testimony that the window was intact hours earlier combined with the DNA evidence and her denial that she ever consented to having sex with appellant to support the conclusion that appellant forced her to have sex without her consent that night. Although witnesses were not unanimous regarding whether they saw broken glass or other such details, there is no evidence that contradicts the verdict. This legally sufficient evidence also supports the trial court's decision to overrule the motion for directed verdict.

5

We next examine the legal and factual sufficiency of the evidence to support the burglary conviction. As charged in the indictment, a person commits a burglary if, without the effective consent of the owner, the person enters a building or habitation and commits or attempts to commit a felony, theft, or an assault. Tex. Pen. Code Ann. § 30.02(a)(3) (West 2003). Other modes of committing burglary were not charged. *See id*. § 30.02(a)(1), (2).

Appellant relies on the absence of eyewitness testimony that he broke into the apartment. B.T. could not identify him. He argues that the only evidence that he was in the apartment is the semen stain, which does not prove that he was there without permission. Appellant contends that there was no showing that he intended to commit a crime as he entered the apartment.

While appellant's latter argument discounts one mode of committing burglary (*see id*. § 30.02(a)(1)), it does not defeat burglary as charged—unconsented-to entry followed by sexual assault. *See id*. § 30.02(a)(3). B.T. testified that, hours before the assault, the window and screens in her apartment were intact.[2] Appellant's fingerprints were found on a screen removed from B.T.'s apartment window. An apartment window was broken to permit unlocking.[3] Although B.T. testified that she never consented to allow appellant or anyone named Garfield Hall to enter her apartment

---

[2] Appellant points to testimony by an investigating police officer that he was not qualified to determine whether the window breaks were recent. That is not evidence that appellant did not break the windows that night to gain access to the apartment.

[3] Various police officers testified slightly differently based on whether or where they observed such things as broken glass. While the testimony is not identical, it is not conflicting. Even if it were conflicting, the jury is entitled to sort out conflicts in testimony. *Westbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

or to have sex with her, DNA evidence shows that appellant ejaculated on her sheets, and the evidence shows that the sheets were recovered from the victim's bed shortly after the assault. This evidence supports the finding that appellant entered the apartment without B.T.'s consent. The asserted weaknesses and inconsistencies in this evidence do not overcome the evidence favoring the verdicts under the relevant standards. The evidence of appellant's unconsented-to entry into B.T.'s apartment, combined with her testimony that the intruder sexually assaulted her, provides legally and factually sufficient evidence to support the burglary conviction.

Appellant next contends that the convictions for burglary and sexual assault violate double jeopardy protections against multiple punishments for the same offense.[4] This type of double jeopardy can occur in two ways:

(1)   the lesser-included offense context, in which the same conduct is punished twice; once for the basic conduct, and a second time for that same conduct plus more (for example, attempted assault of Y and assault of Y; assault of X and aggravated assault of X); and

(2)   punishing the same criminal act twice under two distinct statutes when the legislature intended the conduct to be punished only once (for example, causing a single death by committing both intoxication manslaughter and involuntary manslaughter).

---

[4] Appellant did not object at trial on double jeopardy grounds. Because of its fundamental nature, however, a double jeopardy claim may be raised for the first time on appeal when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). If a double jeopardy violation is clearly apparent, the defendant will prevail on appeal, but, if a double jeopardy violation is not apparent, the defendant's claim fails on the merits regardless of whether he objected at trial. *See id* at 645-46.

*Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006) (footnotes omitted). To determine if two convictions constitute a forbidden multiple punishment, we must determine whether each provision requires proof of a fact which the other does not. *Id*. (citing *Blockburger v. United States,* 284 U.S. 299, 304 (1932)).

In *Langs*, the court of criminal appeals held that, when a defendant is convicted of both burglary and a separate felony committed during that burglary, a *Blockburger* multiple punishment analysis depends on the type of burglary charged. *Id*. at 686. The court wrote that a defendant may not be punished for both the underlying felony and burglary if the burglary allegation is that the defendant entered a home without the consent of the owner and then committed the underlying felony within the home as defined in section 30.02(a)(3). *Id*. The court concluded that the defendant could be punished for either the burglary or the underlying felony, but not both, because proof of the underlying felony did not, as required by the *Blockburger* test, include an element in addition to those that the State must prove in order to prove the burglary. *Langs*, 183 S.W.3d at 686.

But the underlying felony of sexual assault has multiple modes of commission. *See* Tex. Pen. Code Ann. § 22.011. If there is evidence that a defendant committed separate modes of sexual assault, then the defendant can be convicted of separate offenses for committing each of the separate modes. *See Vick v. State*, 991 S.W.2d 830, 832-33 (Tex. Crim. App. 1999). In *Vick*, the court found no double jeopardy violation when a defendant, after being acquitted of aggravated sexual assault through penetration of the child's sexual organ, was tried and convicted of aggravated sexual assault through contact of the child's sexual organ by the defendant's mouth during the same

8

encounter. *Id*. at 833. Although the double jeopardy objection presented in this case rests on allegations of double punishment rather than subsequent prosecution, the pivotal issue is similar to the dispositive characterization in *Vick*. In this case, there was evidence that appellant committed sexual assault by causing B.T.'s sexual organ, without her consent, to contact his mouth (in violation of penal code section 22.011(a)(1)(C)) and then, still without her consent, caused the penetration of her sexual organ (in violation of penal code section 22.011(a)(1)(A)). Under the *Vick* analysis, this evidence describes two separate offenses. *See* 991 S.W.2d at 833.

This case is therefore distinct from a case predating *Vick* cited by appellant in which a conviction for burglary of a habitation with intent to commit sexual assault was barred as double jeopardy based on a previous conviction for the same sexual assault. *Herrera v. State*, 756 S.W.2d 120, 123 (Tex. Crim. App. 1988). There is no indication in *Herrera* that discrete modes of committing sexual assault underlay the sexual assault conviction and the sexual assault component of the burglary. *See id*.

Because evidence in the record supports a finding that the burglary charge was based on a mode of sexual assault distinct from that underlying the sexual assault conviction, the burglary and sexual assault convictions do not present a double jeopardy violation. The nature of the sexual assault component of the burglary conviction is not specified by the indictment, charge, or judgment in this case. A hypothetically correct jury charge would therefore include all forms of sexual assault, including nonconsensual oral-genital contact. *See generally Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (sufficiency of evidence judged against hypothetically correct jury charge). Sexual assault, by statutory definition, includes nonconsensual oral contact of the genitals. *See* Tex.

9

Pen. Code Ann. § 22.011(a)(1)(C). A general verdict is valid so long as it is legally supportable on one of the submitted grounds—even though that gives no assurance that a valid ground, rather than an invalid one, is actually the basis for the jury's action. *See Griffin v. United States*, 502 U.S. 46, 56-58 (1991); *Gonzalez v. State*, 8 S.W.3d 640, 641 (Tex. Crim. App. 2000).[5] Legally and factually sufficient evidence support a finding that appellant broke into B.T.'s apartment and without her consent, contacted her genitals with his mouth. No double jeopardy is clearly apparent on the face of the record because the two convictions could have been based on separate sex acts. *See Gonzales v. State*, 973 S.W.2d 427, 430-31 (Tex. App.—Austin 1998), *aff'd*, 8 S.W.3d 640 (Tex. Crim. App. 2000). We conclude that the sexual assault conviction, based on nonconsensual penetration of the sexual organ, and the burglary conviction, based on nonconsensual entry into the apartment and nonconsensual oral sex, do not violate double jeopardy protections.

Appellant, filing a pro se supplemental brief, contends that his trial and appellate counsel have been ineffective.[6] To prevail on a claim of ineffective assistance, an appellant must prove by a preponderance of the evidence both that trial counsel's performance fell below an objective standard of reasonableness and that counsel's deficient representation prejudiced appellant's defense, resulting in a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 686-89 (1984); *Hernandez v. State*, 726

---

[5] There are exceptions to this rule, as when the invalid basis for the judgment rests on constitutionally protected speech or conduct. *Gonzalez v. State*, 8 S.W.3d at 641-42; *see also Stromberg v. California*, 283 U.S. 359, 367-68 (1931). There is no allegation that any of the activities involved in this case reaches that level on these facts.

[6] Although appellant is not entitled to hybrid representation, we will address his issues raised pro se in the interest of justice. *Patrick v. State*, 906 S.W.2d 491, 498 (Tex. Crim. App. 1995).

S.W.2d 53, 53 (Tex. Crim. App. 1986); *Harris v. State*, 125 S.W.3d 45, 53 (Tex. App.—Austin 2003, pet. dism'd, untimely filed). Appellant must show that counsel's representation so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 686. A *Strickland* claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We indulge a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Id*.

Appellant urges that appellate counsel is ineffective for failing to challenge the chain of custody of his oral swab. The evidence he cites is the police officer's testimony that he took the swab from appellant, locked it up in his cubicle where it was secure, then delivered it the next morning to the crime lab. Appellant asserts that this shows a break in the chain of custody. Objections regarding theoretical or speculative breaches in the chain, without affirmative evidence of impropriety, go to the weight of the evidence rather than to its admissibility. *See Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997). Even if this constituted a break in the chain of custody, nothing in the record indicates any tampering with the swab. Neither counsel was ineffective for failing to complain about this aspect of the chain of custody.

Appellant contends that counsel was ineffective for failing to challenge the State's knowing use of false evidence and perjured testimony by police officers. He does not cite which testimony is perjured or which evidence was false, but notes instances where officers did not testify identically. That is not the same as showing that one lied. Just because one officer testified he saw something that another did not see does not mean that either is lying. Appellant has shown no

11

ineffectiveness of trial counsel in this regard. We have examined the representation of appellant at trial and do not find the representation inadequate generally.

Having resolved all of the issues raised on appeal by appellant through counsel and pro se, we affirm the judgment.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   May 26, 2006

Do Not Publish

12