# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00525-CR

**The State of Texas, Appellant**

**v.**

**Alex Garcia Guzman, Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR-03-623, HONORABLE JAMES F. CLAWSON, JR., JUDGE PRESIDING

## O P I N I O N

The State appeals orders sustaining appellee Alex Garcia Guzman's plea of former jeopardy and dismissing the indictment in this cause. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1), (4) (West Supp. 2005). The question presented is whether Guzman's previous conviction for driving while intoxicated (DWI) is a double jeopardy bar to the instant prosecution for endangering a child. We hold that it is not and reverse the district court's orders.

The Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). That guarantee protects against a second prosecution for the same offense after a conviction or an

acquittal, and against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).[1]

Whether offenses defined in two distinct statutory provisions are the same for double jeopardy purposes is determined by a "same elements" test: the two offenses are the same if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Duvall v. State*, 59 S.W.3d 773, 777 (Tex. App.—Austin 2001, pet. ref'd). When applying the "same elements" test in the successive prosecutions context, we compare the elements of the offenses as alleged in the charging instruments. *State v. Perez*, 947 S.W.2d 268, 270 (Tex. Crim. App. 1997); *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994). If, as alleged, one offense is included within the other, the two offenses are the same for double jeopardy purposes. *Parrish*, 869 S.W.2d at 354-55.

The indictment in this cause alleges that on or about July 13, 2003, Guzman:

> intentionally, knowingly, recklessly and with criminal negligence engage[d] in conduct that placed ALBIN GUZMAN, a child younger than 15 years, in imminent danger of death, bodily injury or physical or mental impairment, to wit: the said ALEX GARCIA GUZMAN did then and there drive and operate a motor vehicle while intoxicated, namely: the said ALEX GARCIA GUZMAN did then and there have an alcohol concentration of 0.08 or higher and the said ALEX GARCIA GUZMAN did not have the normal use of his physical or mental faculties by reason of the introduction of alcohol into his body, and the said ALEX GARCIA GUZMAN did then and there drive and operate said motor vehicle while intoxicated while the aforesaid ALBIN GUZMAN was then and there a passenger in said vehicle.

---

[1] In his special plea and arguments to the trial court, Guzman relied solely on the Fifth Amendment and opinions applying it. Guzman did not file a brief in this Court.

*See* Tex. Pen. Code Ann. § 22.041(c) (West Supp. 2005).[2] Guzman filed a special plea of former jeopardy urging that prosecution on this indictment is barred by his misdemeanor DWI conviction in Hays County cause number 71,070. *See* Tex. Code Crim. Proc. Ann. art. 27.05 (West 1989). Attached to the special plea were certified copies of the complaint, information, and judgment of conviction in that cause. These documents reflect that Guzman was convicted by the county court at law following his plea of no contest to an information alleging that, on or about July 13, 2003, he:

> while operating a motor vehicle in a public place was then and there intoxicated in that the said Alex Garcia Guzman did not have the normal use of his or her mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of these substances into his or her body, or by reason of having an alcohol concentration of 0.08 or more.

*See* Tex. Pen. Code Ann. § 49.04 (West 2003). It was undisputed that the DWI for which Guzman was convicted and the child endangerment of which he now stands accused arise out of the same transaction. The court sustained the special plea after considering the arguments of both parties.[3]

The trial court expressly relied on two opinions cited by Guzman at the hearing: *May v. State*, 726 S.W.2d 573 (Tex. Crim. App. 1987), and *Ex parte Peterson*, 738 S.W.2d 688 (Tex. Crim. App. 1987). In *May*, the court of criminal appeals held that the defendant's DWI prosecution

---

[2] The alleged offense was committed before the effective date of penal code section 49.045, proscribing driving while intoxicated with a child passenger. Tex. Pen. Code Ann. § 49.045 (West Supp. 2005). Whether Guzman's DWI conviction would constitute a double jeopardy bar to a subsequent prosecution under this statute is not an issue in this cause.

[3] The records from cause number 71,070 were not formally introduced in evidence at the hearing on the special plea. They were, however, discussed by counsel and considered by the court. The State did not object to the format of the hearing. *See Hill v. State*, 90 S.W.3d 308, 312 (Tex. Crim. App. 2002); *State v. Torres*, 805 S.W.2d 418, 421 (Tex. Crim. App. 1991).

3

was barred by his previous conviction for involuntary manslaughter arising out of the same automobile accident. 726 S.W.2d at 577. In *Peterson*, the court held that the defendant's prosecution for involuntary manslaughter was barred by his previous DWI conviction. 738 S.W.2d at 691.[4] In both opinions, the court went beyond the *Blockburger* "same elements" test and applied an additional "same conduct" test. *May*, 726 S.W.2d at 576; *Peterson*, 738 S.W.2d at 691; *see Grady v. Corbin*, 495 U.S. 508, 521 (1990) (subsequent prosecution barred if government, to prove essential element of offense, will prove conduct constituting offense for which defendant has already been prosecuted). The "same conduct" test has been repudiated by the Supreme Court. *United States v. Dixon*, 509 U.S. 688, 704-08, 712 (1993) (overruling *Grady v. Corbin* and reaffirming that "same elements" is only test for determining whether two different statutory offenses are the same for double jeopardy purposes). Whether *May* and *Peterson* retain any vitality is an open question, but it is clear that the "same conduct" analysis used in those opinions does not. *Id*.; *see Ortega v. State*, 171 S.W.3d 895, 898-99 (Tex. Crim. App. 2005) (holding that court of appeals erred by employing "same conduct" analysis); *Ervin v. State*, 991 S.W.2d 804, 806 & n.3 (Tex. Crim. App. 1999) (noting that *Peterson* used "same conduct" analysis repudiated in *Dixon*).

The child endangerment indictment in this cause requires the State to prove that Guzman intentionally, knowingly, recklessly, or with criminal negligence placed a child under fifteen in imminent danger of death, bodily injury, or physical or mental impairment. Such proof was not

---

[4] The involuntary manslaughter offense at issue in *May* and *Peterson* is now defined as intoxication manslaughter. *See* Act of May 28, 1973, 63d Leg., R.S., ch. 426, art. 2, § 1, sec. 19.05(a)(2), 1973 Tex. Gen. Laws 1122, 1124 (amended and renumbered 1993) (current version at Tex. Pen. Code Ann. § 49.08 (West 2003)).

required in the DWI prosecution. To convict Guzman of DWI, the State was required to prove that Guzman operated a motor vehicle in a public place. Such proof is not required by the instant indictment. As alleged, both offenses have a unique element, and the DWI offense is not included within the proof required to establish the child endangerment offense. Applying the *Blockburger/Parrish* "same elements" test, we conclude that the two offenses are not the same and that Guzman's conviction for DWI in cause number 71,070 does not constitute a double jeopardy bar to his prosecution in this cause for endangering a child.

The orders sustaining Guzman's special plea of former jeopardy and dismissing the indictment are reversed, and the cause is remanded to the district court.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Remanded

Filed: December 8, 2005

Publish

5