Ex parte Natalee Mychelle Walters

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-290-CR

EX PARTE NATALEE MYCHELLE WALTERS 

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Natalee Mychelle Walters appeals the trial court’s denial of the relief sought in her application for writ of habeas corpus.  In one issue, Walters complains that the trial court erred by denying her double jeopardy claim under the Texas and United States Constitutions.
 
 We affirm. 

II.  Background

On January 28, 2003, Walters was arrested and charged with driving while intoxicated and endangering a child.  She pleaded nolo contendere to driving while intoxicated (DWI), was found guilty, and received two years’ community supervision.
(footnote: 2)  Walters later pleaded guilty 
to endangering a child and received four years’ deferred adjudication community supervision.  
Walters failed to report to the community supervision and corrections department in February, July, August, September, and December of 2004.  On March 3, 2005, after Walters failed to report in January and February of 2005, the State filed a petition to proceed to adjudication, and thereafter, Walters filed an application for writ of habeas corpus.  The trial court heard both the application for writ of habeas corpus and the petition to proceed to adjudication together on July 21, 2005.  During Walters’s habeas corpus hearing, she argued that driving while intoxicated was a lesser included offense of endangering a child; thus, a conviction for the latter placed her in double jeopardy.  The trial court denied relief. ­­

III.  Discussion

We review a trial court’s ruling in a writ of habeas corpus proceeding based upon a double jeopardy claim under an abuse of discretion standard. 
See Ex parte Peralta
,
 
87 S.W.3d 642, 645 (Tex. App.—San Antonio 2002, no pet.)
;
 Ex parte Mann,
 34 S.W.3d 716, 718 (Tex. App.—Fort Worth 2000, no pet.).

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense.  U.S. C
ONST
. amend. V.  Similarly, the Texas Constitution provides that no person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.  
 Tex. Const. 
 Art. I, § 14.  Conceptually, the state and federal provisions are identical; that is, the Texas Constitution provides no greater protection than the United States Constitution regarding double jeopardy.
  
Stephens v. State
, 806 S.W.2d 812, 815 (Tex. Crim. App. 1990)
; State v. Webb
, 980 S.W.2d 924, 927 (Tex. App.—Fort Worth 1998), 
aff’d
, 12 S.W.3d 808 (Tex. Crim. App. 2000)
. The double jeopardy clauses protect against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  
Brown v. Ohio
, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); 
Ex parte Herron
, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh'g).
  The general rule is that greater inclusive and lesser included offenses are the same offense for double jeopardy purposes
. 
 
Parrish v. State
, 869 S.W.2d 352, 353-55 (Tex. Crim. App. 1994).  Thus, in this case, we must determine if driving while intoxicated is a lesser included offense of endangering a child.  

A lesser included offense is defined both in terms of the offense charged and the facts of the case:  “An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann
. art. 37.09(1) (Vernon 1981).  Our analysis of whether an offense is a lesser included offense of the charged offense must be made on a case-by-case basis.  
Bartholomew v. State
, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); 
Day v. State
, 532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g).  It does not matter if the charged offense can be established on a theory that does not contain the lesser offense; the issue is whether the State, when presenting its case to prove the offense charged, also includes proof of the lesser included offense as defined in article 37.09.  
See Bartholomew
, 871 S.W.2d at 212; 
Broussard v. State
, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982).

The conviction for driving while intoxicated required proof that appellant (1) operated a motor vehicle; (2) on or about January 28, 2003; (3) in a public place; (4) while she was intoxicated; (5) by not having the normal use of mental and physical faculties; (6) by reason of the introduction of alcohol into her body.  
See 
Tex. Penal Code Ann. 
§§ 49.01, 49.04 (Vernon 2003).  The charge for endangering a child alleged that appellant, (1) on or about January 28, 2003; (2) intentionally, knowingly, recklessly, or with criminal negligence; (3) operated a motor vehicle while intoxicated; (4) and said conduct placed a child younger than fifteen years; (5) in imminent danger of death, bodily injury, or physical and mental impairment.  
See 
Tex. Penal Code Ann. 
§ 22.04(a),(c) (Vernon Supp. 2005). 

The offense of driving while intoxicated requires proof of an additional element—in a public place—that the offense of endangering a child does not.  Therefore, DWI is not a lesser included offense of endangering a child, and the two offenses are not the same for double jeopardy purposes.  Walters argues that the “public place” element is implicit in the offense of endangering a child because she would not have been arrested if she had not been in a public place.  We disagree.  The mere fact that Walters was arrested in a public place for conduct that led to the child endangerment charge does not implicitly write a “public place” element into the statute prohibiting endangering a child.

Walters further reasons that because there are few, if any, places that an individual could enter with an automobile that are not public, the “public place” element is of no consequence to the double jeopardy analysis.  Given the numerous private lands where individuals operate automobiles that the public or a substantial group of the public does not have access to, we disagree that any place one can enter with an automobile is then automatically considered a public place.  
See 
Tex. Penal Code Ann. 
§
 1.07(a)(40) (Vernon Supp. 2005) (defining “public place” as any place to which the public or a substantial group of the public has access)
; 
Fowler v. State
,
 
65 S.W.3d 116, 119 (Tex. App.—Amarillo 2001, no pet.) (holding that a private driveway is not a “public place” under the penal code).  
We hold that the “public place” element is therefore essential when deciding double jeopardy issues.  
See State v. Guzman
, 182 S.W.3d 389, 392 (Tex. App.—Austin 2005, no pet.).  
Because this element is essential, we disagree with appellant’s contention that DWI is a de facto lesser included offense of endangering a child.  Accordingly, the double jeopardy provisions in the Texas and United States Constitutions do not bar the State from prosecuting Walters for both DWI and endangering a child.  
See id.
  
We overrule Walter’s sole issue.

IV. Conclusion

Having overruled Walters’s sole issue, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 11, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Walter’s community supervision for DWI was later revoked.