COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-290-CR

 

 

EX PARTE NATALEE MYCHELLE WALTERS                                              

 

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

Appellant Natalee Mychelle
Walters appeals the trial court=s denial of the relief sought in her application for writ of habeas
corpus.  In one issue, Walters complains
that the trial court erred by denying her double jeopardy claim under the Texas
and United States Constitutions.  We affirm. 

 

 








II.  Background

On January 28,
2003, Walters was arrested and charged with driving while intoxicated and
endangering a child.  She pleaded nolo
contendere to driving while intoxicated (DWI), was found guilty, and received
two years= community supervision.[2]  Walters later pleaded guilty to endangering a
child and received four years= deferred adjudication community supervision.  Walters failed to report to the community
supervision and corrections department in February, July, August, September,
and December of 2004.  On March 3, 2005,
after Walters failed to report in January and February of 2005, the State filed
a petition to proceed to adjudication, and thereafter, Walters filed an
application for writ of habeas corpus. 
The trial court heard both the application for writ of habeas corpus and
the petition to proceed to adjudication together on July 21, 2005.  During Walters=s habeas corpus hearing, she argued that driving while
intoxicated was a lesser included offense of endangering a child; thus, a
conviction for the latter placed her in double jeopardy.  The trial court denied relief. ­­

 

 








III.  Discussion

We review a trial court=s
ruling in a writ of habeas corpus proceeding based upon a double jeopardy claim
under an abuse of discretion standard. See Ex parte Peralta, 87
S.W.3d 642, 645 (Tex. App.CSan
Antonio 2002, no pet.); Ex parte Mann, 34 S.W.3d 716, 718 (Tex. App.CFort
Worth 2000, no pet.).








The Double
Jeopardy Clause of the United States Constitution provides that no person shall
be subjected to twice having life or limb in jeopardy for the same
offense.  U.S. CONST. amend. V.  Similarly, the Texas Constitution provides
that no person, for the same offense, shall be twice put in jeopardy of life or
liberty, nor shall a person be again put upon trial for the same offense, after
a verdict of not guilty in a court of competent jurisdiction.   Tex. Const.  Art. I, ' 14.  Conceptually,
the state and federal provisions are identical; that is, the Texas Constitution
provides no greater protection than the United States Constitution regarding
double jeopardy.  Stephens v. State,
806 S.W.2d 812, 815 (Tex. Crim. App. 1990); State v. Webb, 980 S.W.2d
924, 927 (Tex. App.CFort Worth 1998), aff=d, 12 S.W.3d
808 (Tex. Crim. App. 2000). The double jeopardy clauses protect against (1) a
second prosecution for the same offense after acquittal, (2) a second
prosecution for the same offense after conviction, and (3) multiple punishments
for the same offense.  Brown v. Ohio,
432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); Ex parte Herron, 790
S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh'g).  The general rule is that greater inclusive
and lesser included offenses are the same offense for double jeopardy purposes.
 Parrish v. State, 869 S.W.2d
352, 353-55 (Tex. Crim. App. 1994). 
Thus, in this case, we must determine if driving while intoxicated is a
lesser included offense of endangering a child. 


A lesser included
offense is defined both in terms of the offense charged and the facts of the
case:  AAn offense is a lesser included offense if . . . it is
established by proof of the same or less than all the facts required to
establish the commission of the offense charged.@  Tex. Code Crim. Proc. Ann. art.
37.09(1) (Vernon 1981).  Our analysis of
whether an offense is a lesser included offense of the charged offense must be
made on a case-by-case basis.  Bartholomew
v. State, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); Day v. State,
532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g).  It does not matter if the charged offense can
be established on a theory that does not contain the lesser offense; the issue
is whether the State, when presenting its case to prove the offense charged,
also includes proof of the lesser included offense as defined in article
37.09.  See Bartholomew, 871
S.W.2d at 212; Broussard v. State, 642 S.W.2d 171, 173 (Tex. Crim. App.
1982).








The conviction
for driving while intoxicated required proof that appellant (1) operated a
motor vehicle; (2) on or about January 28, 2003; (3) in a public place; (4)
while she was intoxicated; (5) by not having the normal use of mental and
physical faculties; (6) by reason of the introduction of alcohol into her body.  See Tex.
Penal Code Ann. '' 49.01, 49.04 (Vernon 2003).  The charge for endangering a child alleged
that appellant, (1) on or about January 28, 2003; (2) intentionally, knowingly,
recklessly, or with criminal negligence; (3) operated a motor vehicle while
intoxicated; (4) and said conduct placed a child younger than fifteen years;
(5) in imminent danger of death, bodily injury, or physical and mental
impairment.  See Tex. Penal Code Ann. ' 22.04(a),(c) (Vernon Supp. 2005). 

The offense of
driving while intoxicated requires proof of an additional elementCin a public placeCthat the offense of endangering a child does not.  Therefore, DWI is not a lesser included
offense of endangering a child, and the two offenses are not the same for
double jeopardy purposes.  Walters argues
that the Apublic place@ element is implicit in the offense of endangering a child
because she would not have been arrested if she had not been in a public
place.  We disagree.  The mere fact that Walters was arrested in a
public place for conduct that led to the child endangerment charge does not
implicitly write a Apublic place@ element into the statute prohibiting endangering a child.








Walters further
reasons that because there are few, if any, places that an individual could
enter with an automobile that are not public, the Apublic place@ element is of no consequence to the double jeopardy
analysis.  Given the numerous private
lands where individuals operate automobiles that the public or a substantial
group of the public does not have access to, we disagree that any place one can
enter with an automobile is then automatically considered a public place.  See Tex.
Penal Code Ann. ' 1.07(a)(40) (Vernon Supp. 2005) (defining Apublic place@ as any place to which the public or a substantial group
of the public has access); Fowler v. State, 65 S.W.3d 116, 119
(Tex. App.CAmarillo 2001, no pet.) (holding that a private driveway
is not a Apublic place@ under the penal code). 
We hold that the Apublic place@ element is therefore essential when deciding double
jeopardy issues.  See State v. Guzman,
182 S.W.3d 389, 392 (Tex. App.CAustin 2005, no pet.). 
Because this element is essential, we disagree with appellant=s contention that DWI is a de facto lesser included
offense of endangering a child. 
Accordingly, the double jeopardy provisions in the Texas and United
States Constitutions do not bar the State from prosecuting Walters for both DWI
and endangering a child.  See id.  We overrule Walter=s sole issue.

 

 

 

 

 

 

 








IV. Conclusion

 

Having overruled Walters=s sole issue, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F:    MCCOY, J.; CAYCE,
C.J.; and WALKER, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: May 11, 2006











[1]See Tex. R. App. P. 47.4.





[2]Walter=s community supervision for DWI was
later revoked.