COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-052-CR

 

 

LAVONYA D. BAGBY                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

In one point, Appellant
Lavonya D. Bagby appeals the trial court=s denial of her motion to dismiss due to a double jeopardy
violation.  We affirm.

 

 








II. Factual and Procedural
Background

The charges in this case
arose from Bagby allegedly driving while intoxicated with her child in the car
with her.  On July 29, 2005, Bagby was
charged by misdemeanor  information with
driving while intoxicated (DWI).  On
October 5, 2005, she was charged by indictment with endangering a child.  On November 4, 2005, she pleaded guilty to
endangering a child and was sentenced to three years= deferred adjudication and a $300 fine.  Alleging a double jeopardy violation, Bagby
filed a motion to dismiss the DWI charge, and the trial court denied her
motion.  On February 10, 2006, Bagby
pleaded guilty to the DWI offense and was sentenced to 180 days in jail,
probated for two years, and a $600 fine.

III. Double Jeopardy

In her sole point, Bagby
argues that the DWI charge is wholly subsumed within the endangering-a-child
charge and, therefore, her prosecution under the DWI charge is barred by the
Fifth Amendment of the United States Constitution and Article I, Section 14 of
the Texas Constitution. We disagree.  

A. Standard of Review 








The Double Jeopardy Clause of
the United States Constitution provides that no person shall be subjected to
twice having life or limb in jeopardy for the same offense.  U.S. CONST. amend. V.  Generally, this
clause protects against (1) a second prosecution for the same offense after
acquittal, (2) a second prosecution for the same offense after conviction, and
(3) multiple punishments for the same offense. 
Brown v. Ohio, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); Ex
parte Herron, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh=g).

To determine whether both
offenses are the same, we must examine the elements of the applicable statutes
to determine whether each statute Arequires proof of an additional fact which the other does not.@  Blockburger v. United
States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932); see United States
v. Dixon, 509 U.S. 688, 696, 113 S. Ct. 2849, 2856 (1993); Parrish v.
State, 869 S.W.2d 352, 353B55 (Tex. Crim. App. 1994). 

Furthermore, separate
convictions for different offenses arising from a single criminal transaction
do not violate the prohibition against double jeopardy.  See Hobbs v. State, 175 S.W.3d
777, 779 (Tex. Crim. App. 2005) (discussing continuous offense of evading
arrest); see also Haight v. State, 137 S.W.3d 48, 51 (Tex. Crim. App.
2004).

B. Application








The misdemeanor DWI charging
instrument states that Bagby Aoperate[d] a motor vehicle in a public place while [she] was
intoxicated by not having the normal use of [her] mental or physical faculties
by reason of the introduction of alcohol into [her] body or by having an
alcohol concentration of at least 0.08.@ The indictment for the endangering-a-child offense charges that Bagby

Then and there recklessly, by
operating a motor vehicle while [she] was intoxicated by having lost the normal
use of her mental or physical faculties due to the introduction of alcohol into
her body or by having an alcohol concentration of 0.08 or higher, or by
failing to maintain a single lane of traffic while operating a motor vehicle, or
by failing to properly secure [the child] with a safety belt or child safety
seat, engage[d] in conduct by act or omission that placed . . . . a child
younger than 15 years, in imminent danger of death, bodily injury, or physical
and mental impairment, namely by driving or operating her motor vehicle on a
state highway with other traffic, while [the child] was an occupant of the
motor vehicle. [Emphasis added.]








The State asserts, and we
agree, that the child endangerment offense and the DWI offense each contain an
element that the other does not and thus, they are not the same offense for
double jeopardy purposes.  Bagby contends
that because the indictment included the phrase Aon a state highway@ that DWI becomes a lesser included offense of
endangering-a-child.  Bagby points us to
case law[2]
that indicates that a DWI offense and an endangering-a-child offense arising
from the same facts can normally be distinguished because DWI contains a
statutorily required Apublic place@ element.  See Tex. Penal Code Ann. ' 49.04(a) (Vernon 2003).  By
comparison, the public place element is not statutorily required for the
endangering-a-child charge.  See Tex. Penal Code Ann. ' 22.041(c) (Vernon Supp. 2006). 
Nevertheless, both charging instruments in the present case contain a
public place element, doing away with this distinction.[3]  However, the cases cited by Bagby do not
involve a defendant charged with child endangerment under multiple alternate
theories.   








Because Bagby was charged
with child endangerment under multiple alternate theories, the fact that both
charging instruments contain a public place element is not determinative.  One of the alternate theories was that Bagby
endangered a child by driving with that child while she (Bagby) was
intoxicated.  The other theories alleged
Bagby endangered a child by Afailing to maintain a single lane of traffic or failing to
properly secure [the child] with a safety belt or child safety seat.@  Neither of these latter
theories required proof of Bagby=s intoxication.  In other words,
Bagby could endanger a child by engaging in such conduct and not be
intoxicated.  Conversely, the State was
required to prove Bagby was intoxicated to convict her of DWI. See Tex. Penal Code Ann. ' 49.04(a). 

C. Result 

We hold that the child
endangerment charge permitted conviction under multiple theories that were not
present in the driving while intoxicated charge.  Accordingly, after applying the Blockburger
test, we further hold that each charging instrument requires proof of an
additional element that the other does not. 
Therefore, there has been no double jeopardy violation, and we overrule
Bagby=s sole point.  

IV. Conclusion

Having overruled Bagby=s one point, we affirm the trial court=s judgment.  

BOB MCCOY

JUSTICE

 

PANEL A:   CAYCE, C.J; WALKER and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 8, 2007











[1]See Tex. R. App. P. 47.4.





[2]See
State v. Guzman, 182 S.W.3d 389, 391 (Tex. App.CAustin
2005, no pet.); Ex Parte Walters, No. 02-05-00290-CR, 2006 WL 1281076,
at *2 (Tex. App.CFort
Worth May 11, 2006, pet. ref=d) (mem. op.) (not designated
for publication); Ex Parte Bates, No. 05‑96‑01626‑CR,
1997 WL 124237, at *3B4
(Tex. App.CDallas
March 20, 1997, no pet.) (not designated for publication).  





[3]Bagby
correctly states that when applying the same-elements test in successive
prosecution we must compare the elements of the offenses as charged.  See State v. Perez, 947 S.W.2d 268,
270 (Tex. Crim. App. 1997).