COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-052-CR

LAVONYA D. BAGBY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

I. Introduction

In one point, Appellant Lavonya D. Bagby appeals the trial court’s denial of her motion to dismiss due to a double jeopardy violation.  We affirm.

II. Factual and Procedural Background

The charges in this case arose from Bagby allegedly driving while intoxicated with her child in the car with her.  On July 29, 2005, Bagby was charged by misdemeanor  information with driving while intoxicated (DWI).  On October 5, 2005, she was charged by indictment with endangering a child.  On November 4, 2005, she pleaded guilty to endangering a child and was sentenced to three years’ deferred adjudication and a $300 fine.  Alleging a double jeopardy violation, Bagby filed a motion to dismiss the DWI charge, and the trial court denied her motion.  On February 10, 2006, Bagby pleaded guilty to the DWI offense and was sentenced to 180 days in jail, probated for two years, and a $600 fine.

III. Double Jeopardy

In her sole point, Bagby argues that the DWI charge is wholly subsumed within the endangering-a-child charge and, therefore, her prosecution under the DWI charge is barred by the Fifth Amendment of the United States Constitution and Article I, Section 14 of the Texas Constitution. We disagree.  

A. Standard of Review 

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense.  U.S. C
ONST
. amend. V.  Generally, this clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  
Brown v. Ohio
, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); 
Ex parte Herron
, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh’g).

To determine whether both offenses are the same, we must examine the elements of the applicable statutes to determine whether each statute “requires proof of an additional fact which the other does not.”  
Blockburger v. United States
, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932); 
see United States v. Dixon
, 509 U.S. 688, 696, 113 S. Ct. 2849, 2856 (1993); 
Parrish v. State
, 869 S.W.2d 352, 353
–
55 (Tex. Crim. App. 1994). 

Furthermore, separate convictions for different offenses arising from a single criminal transaction do not violate the prohibition against double jeopardy.  
See
 
Hobbs v. State
, 175 S.W.3d 777, 779 (Tex. Crim. App. 2005) (discussing continuous offense of evading arrest)
; 
see also Haight v. State
, 137 S.W.3d 48,
 51 (Tex. Crim. App. 2004)
.

B. Application

The misdemeanor DWI charging instrument states that Bagby “operate[d] a motor vehicle in a public place while [she] was intoxicated by not having the normal use of [her] mental or physical faculties by reason of the introduction of alcohol into [her] body or by having an alcohol concentration of at least 0.08.” The indictment for the endangering-a-child offense charges that Bagby

Then and there recklessly, by operating a motor vehicle while [she] was intoxicated by having lost the normal use of her mental or physical faculties due to the introduction of alcohol into her body or by having an alcohol concentration of 0.08 or higher, 
or
 by failing to maintain a single lane of traffic while operating a motor vehicle, 
or
 by failing to properly secure [the child] with a safety belt or child safety seat, engage[d] in conduct by act or omission that placed . . . . a child younger than 15 years, in imminent danger of death, bodily injury, or physical and mental impairment, namely by driving or operating her motor vehicle on a state highway with other traffic, while [the child] was an occupant of the motor vehicle. [Emphasis added.]

The State asserts, and we agree, that the child endangerment offense and the DWI offense each contain an element that the other does not and thus, they are not the same offense for double jeopardy purposes.  Bagby contends that because the indictment included the phrase “on a state highway” that DWI becomes a lesser included offense of endangering-a-child.  Bagby points us to case law
(footnote: 2) that indicates that a DWI offense and an endangering-a-child offense
 arising from the same facts can normally be distinguished because DWI contains a statutorily required “public place” element.  
See
 
Tex. Penal Code Ann.
 § 49.04(a) (Vernon 2003).  By comparison, the public place element is not statutorily required for the endangering-a-child charge.  
See
 
Tex. Penal Code Ann.
 § 22.041(c) (Vernon Supp. 2006).  Nevertheless, both charging instruments in the present case contain a public place element, doing away with this distinction.
(footnote: 3)  However, the cases cited by Bagby do not involve a defendant charged with child endangerment under multiple alternate theories.   

Because Bagby was charged with child endangerment under multiple alternate theories, the fact that both charging instruments contain a public place element is not determinative.  One of the alternate theories was that Bagby endangered a child by driving with that child while she (Bagby) was intoxicated.  The other theories alleged Bagby endangered a child by “failing to maintain a single lane of traffic 
or 
failing to properly secure [the child] with a safety belt or child safety seat.”  Neither of these latter theories required proof of Bagby’s intoxication.  In other words, Bagby could endanger a child by engaging in such conduct and not be intoxicated.  Conversely, the State was required to prove Bagby was intoxicated to convict her of DWI. 
See
 
Tex. Penal Code Ann.
 § 49.04(a)
. 

C. Result 

We hold that the child endangerment charge permitted conviction under multiple theories that were not present in the driving while intoxicated charge.  Accordingly, after applying the 
Blockburger 
test, we further hold that each charging instrument requires proof of an additional element that the other does not.  Therefore, there has been no double jeopardy violation, and we overrule Bagby’s sole point.  

IV. Conclusion

Having overruled Bagby’s one point, we affirm the trial court’s judgment.  

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  March 8, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See State v. Guzman
, 182 S.W.3d 389, 391 (Tex. App.—Austin 2005, no pet.); 
Ex Parte Walters
, No. 02-05-
00290-CR, 2006 WL 1281076, at *2 (Tex. App.—Fort Worth May 11, 2006, pet. ref’d) (mem. op.) (not designated for publication); 
Ex Parte Bates
, No. 05-96-01626-CR, 1997 WL 124237, at *3–4 (Tex. App.—Dallas March 20, 1997, no pet.) (not designated for publication).  

3:
Bagby correctly states that when applying the same-elements test in successive prosecution we must compare the elements of the offenses as charged.  
See State v. Perez
, 947 S.W.2d 268, 270 (Tex. Crim. App. 1997).